NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-518

COMMONWEALTH

vs.

DAVID R. WOODLEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in the District Court, the defendant was found guilty of possession of a firearm without a license in violation of G. L. c. 269, § 10 (a).  On appeal, the defendant challenges the sufficiency of the evidence and argues that the judge abused his discretion in admitting in evidence a surveillance video recording that, as the Commonwealth argued, depicted him with the firearm on which the conviction was based. We affirm.

Background.  Because the defendant challenges the sufficiency of the evidence, we recite the facts the judge could have found, in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).

At around 3:45 A.M. on July 21, 2019, New Bedford Police Officer Mason Oliveira was on duty at the police station where

he was monitoring live video feed from police cameras located throughout the city of New Bedford. While Oliveira was watching the video from a camera located on the corner of Ruth and McGurk Streets, he observed a man later identified as the defendant playing dice with a group of people. At one point, the defendant raised his shirt and Oliveira saw a "white handle[d] object" which he believed was a firearm. Officers St. Germain and Dunpolo were dispatched from the station to investigate. Oliveira remained at the station and continued to watch the live video. When St. Germain and Dunpolo arrived, the group, including the defendant, dispersed. Oliveira continued to watch the live feed and saw the defendant walk by a pickup truck, reach toward his waistband, put something in the back right corner of the bed of the truck, and then walk away. Thereafter, the defendant encountered St. Germain and Dunpolo, who pat frisked him. Nothing was found on the defendant's person and the defendant left the area.

Meanwhile, based on what Oliveira had observed upon the arrival of St. Germain and Dunpolo, a third officer, Officer Riley, was dispatched to the scene. Riley had been watching the video with Oliveira and he too saw the defendant place an object into the bed of the truck. Riley arrived within minutes and told St. Germain and Dunpolo what he (and Oliveira) had seen while watching the video. All three officers proceeded to look

2

in the back corner of the truck bed where they immediately found a small caliber firearm with a white handle.  The discovery of the firearm also was video recorded, and the entire video was admitted in evidence over the defendant's objection.  There was evidence that the defendant did not have a license to carry a firearm and the parties stipulated that the gun retrieved from the truck was a firearm as defined by statute.

Discussion.  1.  Sufficiency of the evidence.  The defendant filed a motion for a required finding of not guilty at the close of the Commonwealth's case, which the judge denied. The defendant argues that the motion should have been allowed because the item tucked in his waistband could have been a cell phone and that someone else could have put the firearm in the truck.

"When we review the denial of a motion for a required finding of not guilty, we must determine 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Santos, 95 Mass. App. Ct. 791, 798 (2019), quoting Latimore, 378 Mass. at 677.  In this case, there was ample evidence from which the judge, who reviewed the video, could reasonably infer that the defendant possessed the firearm that was found in the truck. While we agree that a rational trier of fact could not have

3

found that the defendant possessed a firearm beyond a reasonable doubt based solely on that portion of the video that depicted an item with a white handle in the defendant's waistband, that evidence coupled with the fact that the defendant also was observed placing an item from his waistband into the truck bed, where a firearm similar in size and color to the item observed in the defendant's waistband was found minutes later, provided a sufficient basis to draw a "reasonable and possible" inference that the item in the defendant's waistband was indeed a firearm. Santos, supra, quoting Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016). We note also that the video showed the defendant using a cell phone, which he withdrew from a pocket and not from his waistband. We further note that although the defendant asserts that someone else could have placed the firearm in the bed of the truck, we review the evidence in the light most favorable to the Commonwealth and not to the defendant. Accordingly, the motion for a required finding of not guilty was properly denied.

2. Authentication of the video recording. As noted, the Commonwealth introduced the video recording that depicted the events on which the charge of unlawful possession of a firearm was based. The defendant objected, arguing that the recording had not been properly authenticated. He advances the same argument on appeal. Because this issue was preserved, we review

4

"to determine whether the judge abused [his] discretion and, if so, whether the error resulted in prejudice to the defendant." Commonwealth v. Connolly, 91 Mass. App. Ct. 580, 586 n.6 (2017).

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Commonwealth v. Davis, 487 Mass. 448, 465 (2021), quoting Mass. G. Evid. § 901(a). "Authenticating a surveillance video is 'typically . . . done through one of two means -- having an eyewitness testify that the video is a fair and accurate representation of what he saw on the day in question, or having someone testify about the surveillance procedures and the methods used to store and reproduce the video material.'" Davis, supra at 465-466, quoting Connolly, 91 Mass. App. Ct. at 586.

Here, the video was authenticated through sufficient circumstantial evidence such that a trier of fact could find that it was what it was purported to be. Oliveira testified that he viewed the video in real time. In addition, Oliveira testified that he recognized the video as the one he had previously viewed based on the angle, the location depicted, the time stamp, and the date. After the video was admitted, St. Germain testified about his observations at the location shown in the video, which further corroborated the video's

5

authenticity.  In light of these circumstances, we conclude that the admission of the video in evidence did not amount to an abuse of discretion.

Judgment affirmed.

By the Court (Vuono,
  Sullivan & Singh, JJ.[1]),

*Joseph F. Stanton*

Clerk

Entered:  April 25, 2023.

---

[1] The panelists are listed in order of seniority.